1  UNITED STATES DISTRICT COURT
2  DISTRICT OF PUERTO RICO

3  MANUEL FRANCO FIGUEROA, et al.,

4      Plaintiffs,                        Civil No. 11-1025 (JAF)

5      v.

6  STATE INSURANCE FUND, et. al.,

7      Defendants.

8

9  **O R D E R**

10     Plaintiffs sue under 42 U.S.C. §§ 1983 and 1988 for damages and attorneys' fees against

11  Defendants, in their official and personal capacities, alleging political discrimination in

12  violation of the First Amendment.  (Docket No. 1 at 24–25.)  Plaintiffs also claim relief under

13  Puerto Rico law, 29 L.P.R.A. § 149 (2009) ("Law 100"), as well as under the contract clause

14  of Section 7, Article II of the Puerto Rico Constitution, and under Puerto Rico's general tort

15  provision, 31 L.P.R.A. § 5141 (2009)  ("Article 1802").  (Id. at 25–26.)  In an earlier Opinion

16  and Order, (Docket No. 60), we granted in part Defendants' motion under Federal Rule of Civil

17  Procedure 12(b)(6), (Docket No. 20), dismissing Plaintiffs' equal protection and substantive due

18  process claims under the Fourteenth Amendment of the U.S. Constitution.  Defendants now file

19  a motion arguing that this court should abstain from exercising jurisdiction, (Docket No. 63),

20  and Plaintiffs oppose (Docket No. 68).  For the reasons explained below, we find Defendants'

21  abstention arguments unavailing, and we deny Defendants' motion.

Civil No. 11-1025 (JAF)                                                                    -2-

1        A detailed account of the facts of this case can be found in our earlier Opinion and Order

2    of March 30, 2012.  (Docket No. 60.)  We derive the following facts from the complaint and

3    from the parties' filings related to the present motion.  (Docket Nos. 1; 63; 67; 68.)

4        Plaintiffs were employees of Puerto Rico's State Insurance Fund (the "SIF"), a public

5    corporation.  (Docket No. 1 at 10.)  Plaintiffs' positions were annulled, following an audit that

6    was allegedly commissioned by codefendants Zoimé Álvarez-Rubio, Administrator of the SIF,

7    and Sául Rivera, Human Resources Director of the SIF.  (Id. at 9–10.)  After Plaintiffs received

8    word of the SIF's intention to annul their positions, they requested, and attended, informal

9    hearings to challenge the annulments.  (Docket No. 63 at 2.)  The Plaintiffs' challenges were

10   unsuccessful, and their positions were annulled.  (Id.)  Eighteen of the twenty coplaintiffs then

11   filed appeals before the SIF's Board of Appeals, an administrative body that reviews

12   employment decisions.  (Id.)  Those appeals are currently pending before the SIF's Board of

13   Appeals.  (Id.)  The two remaining coplaintiffs filed a complaint challenging the annulment of

14   their positions in Puerto Rico's Court of First Instance.  (Id. at 3.)  That case has recently been

15   stayed by the Puerto Rico Court of Appeals.  (Id.)

16       Defendants argue that this court should abstain from exercising jurisdiction, citing the

17   Younger and Colorado River doctrines.  (Docket No. 63).  See Younger v. Harris, 401 U.S. 37

18   (1971); Colo. River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).  Plaintiffs

19   argue that Defendants have waived any abstention defense, and that this is not a case in which

20   abstention is appropriate. (Docket No. 68.)   We agree with Plaintiffs that the limited doctrine

21   of abstention does not apply to this case.

1    "Although defendants point to the subsequent administrative appeal taken by the

2    plaintiffs before the [SIF] (and ultimately, to the Commonwealth courts) these post-hoc

3    remedial proceedings initiated by the plaintiffs are not of the type to which <u>Younger</u> deference

4    applies." <u>Guillemard-Ginorio v. Contreras-Gomez</u>, 585 F.3d 508, 522 (1st Cir. 2009).  For

5    <u>Younger</u> abstention to apply, " proceedings must be coercive, and in most cases, state-initiated,

6    in order to warrant abstention." <u>Id.</u> (citing <u>Kerkadó-Melendez v. Aponte-Roque</u>, 829 F.2d 255,

7    259–261 (1st Cir. 1987)).  Finding that "<u>Younger</u> abstention is not applicable on these facts,"

8    <u>id.</u>, we next turn to Plaintiffs' arguments under the <u>Colorado River</u> doctrine.

9            The First Circuit has recently "underscore[d] that a decision to yield federal jurisdiction

10   under the <u>Colorado River</u> doctrine must rest on the clearest of justifications displayed by

11   exceptional circumstances." <u>Nazario-Lugo v. Caribevision Holdings, Inc.</u>, 670 F.3d 109, 116

12   (1st Cir. 2012).  Defendants have failed to persuade us that this case presents any such

13   extraordinary circumstances. <u>See id.</u> at 115–18 (discussing exceptional circumstances in which

14   abstention may be appropriate).   Rather, Plaintiffs' complaint describes a "plausible

15   discriminatory sequence" of political discrimination that is "all too familiar in this circuit."

16   <u>Ocasio-Hernandez v. Fortuño-Burset</u>, 640 F.3d 1, 19 (1st Cir. 2011).  Mindful of our "virtually

17   unflagging obligation" to exercise our lawful jurisdiction, we will resolve the issues in this case.

18   <u>Colo. River</u>, 424 U.S. at 817.

Civil No. 11-1025 (JAF)                                                                          -4-

1         Given the foregoing, we hereby **DENY** Defendants' motion (Docket No. 63).  Plaintiffs'

2    claims under the First Amendment and under commonwealth law remain pending.

3         **IT IS SO ORDERED.**

4         San Juan, Puerto Rico, this 19th day of April, 2012.

5                                             s/José Antonio Fusté
6                                             JOSE ANTONIO FUSTE
7                                             U.S. District Judge