UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MANUEL FRANCO FIGUEROA, et al.,

Plaintiffs,

v.

STATE INSURANCE FUND, et al.,

Defendants.

Civil No. 11-1025 (JAF)

# **ORDER**

Pending before this court is a motion for reconsideration, filed by Defendants, the State Insurance Fund, Zoimé Alvarez Rubio, and Saúl Rivera Rivera. (Docket No. 76.) Defendants ask this court to amend or alter our Order of April 19, 2012, which denied Defendants' motion requesting abstention. (Docket Nos. 63; 71.) Plaintiffs oppose. (Docket No. 77.) After careful review of the parties' arguments, we deny Defendants' motion.

Defendants' motion fails to cite any rule or law under which they seek relief. (Docket No. 76.) Plaintiffs construe Defendants' motion as one brought under Federal Rule of Civil Procedure 59(e). (Docket No. 77.) Defendants' motion repeatedly requests that we "reconsider" our earlier Order. (Docket No. 76 at 1.)

In this circuit, "a motion asking 'the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under [Rule] 59(e)'" of the Federal

Civil No. 11-1025 (JAF) -2-

Rules of Civil Procedure. Cahoon v. Shelton, 647 F.3d 18, 29 (1st Cir. 2011) (quoting In re Sun Pipe Line Co., 831 F.2d 22, 24 (1st Cir. 1987)). First Circuit case law "generally offer[s] three grounds for a valid Rule 59(e) motion: An 'intervening change' in the controlling law, a clear legal error, or newly-discovered evidence."[1] Soto-Padró v. Pub. Bldgs. Auth., 675 F.3d 1, 9 (1st Cir. 2012) (quoting Morán Vega v. Cruz Burgos, 537 F.3d 14, 18 (1st Cir. 2008)). The "cases tell us that a party cannot use a Rule 59(e) motion to rehash arguments previously rejected or to raise ones that could, and should, have been made before judgment issued." Id. (internal quotation marks and citations omitted). Indeed, the First Circuit has "emphasized that Rule 59(e) 'does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" Crawford v. Clarke, 578 F.3d 39, 44 (1st Cir. 2009) (quoting Aybar v. Crispin Reyes, 118 F.3d 10, 16 (1st Cir. 1997)).

Defendants' motion meets none of these criteria. The bulk of Defendants' motion recycles the same arguments made in Defendants' original request for abstention. (Docket Nos. 63; 76.) Defendants again stress that concerns for fairness, comity, and sound judicial administration counsel in favor of abstention. (Docket No. 76.) We have already considered,

---

[1] The First Circuit has also mentioned prevention of "manifest injustice" as another narrow ground for granting a Rule 59(e) motion. Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Civil No. 11-1025 (JAF) -3-

and rejected, such arguments. (Docket No. 71.) We reiterate that Defendants cannot use a Rule 59(e) motion to "rehash arguments previously rejected. " Soto-Padró, 675 F.3d at 9.

The one new argument in Defendants' motion contends that abstention may be proper even if the case does not fit into any of the "established doctrinal boxes." (Docket No. 76 at 2.) In support of this argument, Defendants point us to Cruz v. Melecio, 204 F.3d 14 (1st Cir. 2000). We decline to reconsider our earlier Order on this basis, noting that such arguments "could, and should, have been made before judgment issued." Soto-Padró, 675 F.3d at 9.

For the foregoing reasons, we hereby **DENY** Defendants' motion for reconsideration. (Docket No. 76.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 16th day of May, 2012.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
United States District Judge