UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MANUEL FRANCO-FIGUEROA, et. al.,

Plaintiffs,

v.

STATE INSURANCE FUND, et. al.,

Defendants.

Civil No. 11-1025 (JAF)

**OPINION AND ORDER**

We previously granted summary judgment in favor of the defendants Zoimé Alvarez-Rubio, Saúl Rivera-Rivera, and the Puerto Rico State Insurance Fund. The plaintiffs now ask us to reconsider this decision. But, the Federal Rules of Civil Procedure do not authorize the court to reverse course in this case. We must, therefore, deny their motion to reconsider.

We evaluate motions to alter or amend judgment that are filed within twenty-eight days of the entry of judgment under Rule 59(e). See, e.g., Ruiz Rivera v. Pfizer Pharmaceuticals, LLC, 521 F.3d 76, 81 (1st Cir. 2008). A court can grant a motion to amend judgment if there is a manifest error of law or newly-discovered evidence or in certain other narrow situations—such as where there is an intervening change in controlling law or a need to prevent manifest injustice. Melendez v. Autogermana, Inc., 622 F.3d 46, 55 (1st Cir. 2010); see also 11 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2810.1 (2d ed.1995) (noting four grounds for granting such a motion: Manifest errors of law or fact, newly-discovered or previously-unavailable evidence, manifest injustice, and an intervening change in controlling law).

The plaintiffs' motion does not explain why granting summary judgment was a "clear error of law" or would otherwise result in a "manifest injustice." Nor do they point to any newly-discovered evidence. Instead, they merely raise the semblance of two errors: First, that we erred in crediting the defendants' argument that they were unaware of the plaintiffs' political affiliation; second, that we failed to adequately credit circumstantial evidence proving discriminatory intent on the part of the defendants.

While the plaintiffs are correct that a jury may choose to disbelieve Alvarez–Rubio's statement that she never knew or spoke of the plaintiffs' political affiliation, that fact does not help the plaintiffs. Their burden is to show some evidence from which knowledge *can* be inferred, and they have provided none. The plaintiffs point to the fact that they held office or were members of the opposing political party, but those facts go merely to proving that they are affiliated with the opposing political party, not that the defendants knew of that fact. As circumstantial evidence, what the plaintiffs offer is too attenuated to permit the inference of knowledge. Having once held a minor local office or an appointed sinecure years earlier is too remote to infer employer knowledge.

The plaintiffs point to a sequence of events that they say shows the defendants' discriminatory motive but, as the opinion discussed, the timing of the audit alone is insufficient to permit an inference of discrimination. A gubernatorial administration, and each of its component parts, has an obligation to govern lawfully. Here, the sequence of events shows only that the administration came into office and reviewed hiring practices to determine lawfulness. The administration rescinded unlawful promotions and hirings, which affected members of both political parties. No juror could rationally infer discriminatory intent from these facts alone, and plaintiffs have provided nothing more.

Additionally, neither of the arguments above are appropriate grounds for granting a motion to reconsider. Plaintiffs raised both arguments in their original briefing, and the court considered them. Markel American Ins. Co. v. Diaz-Santiago, 674 F.3d 21, 32 (1st Cir. 2012) (a party moving to alter or amend judgment may not repeat arguments made during summary judgment); Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008) (employee was not entitled to order altering or amending judgment where he pointed to no manifest error of law or newly-discovered evidence, but merely restated same arguments he made in his opposition to summary judgment.)

Finally, the plaintiffs criticize our use of the Puerto Rico Supreme Court's opinion, but their criticism is misplaced. The opinion does not rely on the decision as outcome-determinative but, instead, merely as an endorsement of the administration's conclusion that the promotions and hirings in question occurred contrary to law. The Puerto Rico Supreme Court has the final say on that issue, as it is a matter of Commonwealth law, so we were right to acknowledge their opinion. In reviewing that case we relied on a certified English translation that we attach as an appendix here.

For the foregoing reasons, the plaintiffs' motion to alter or amend judgment, (Docket No. 149), is **DENIED.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 8th day of November, 2013.

                                                S/José Antonio Fusté
                                                JOSE ANTONIO FUSTE
                                                U. S. DISTRICT JUDGE